UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RICHARD HUSBAND                                    CIVIL ACTION

VERSUS                                             NO. 14-2149

RPM PIZZA, LLC                                     SECTION "C" (4)

ORDER

The Court previously ordered briefing on whether the jurisdictional minimum existed at the time of removal. Rec. Doc. 6. Before the Court is a memorandum from defendant on this issue, plaintiff having submitted no memorandum. Rec. Doc. 12. Having determined that the defendant has not shown that subject matter jurisdiction exists, this matter is hereby REMANDED to the state court pursuant to 28 U.S.C. § 1447(c).

The parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. *Association Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.*, 988 F.2d 559 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 685 (1994).

Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. *Id.*; *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir.

1

1999).  In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. *Id.*  This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. *Id.* It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, fn. 10 (1938), *citing McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1982), *cert denied*, 459 U.S. 1107 (1983).

In this matter, the plaintiff alleges that he was injured by a vehicle whose driver was acting in the course and scope of his employment with defendant, RPM Pizza, LLC. Rec. Doc. 1, Exh. A. Plaintiff filed this suit on July 22, 2014 in the Civil District Court for the Parish of Orleans. *Id.* Pursuant Louisiana Code of Civil Procedure Article 893, plaintiff did not claim a specific amount of damages in his petition. Instead, he averred damages for physical pain and suffering; medical, hospital, and pharmaceutical expenses; mental anguish and emotional trauma; loss of enjoyment of life and loss of pursuit of happiness; and other damages that may be itemized at trial. *Id*.

In response to the Court's order for briefing to show that the jurisdictional minimum is satisfied, defendant's counsel provided a copy of correspondence sent by defendant's counsel to plaintiff's counsel (who has since withdrawn from representation) memorializing a telephone conversation in which plaintiff's counsel indicated that Mr. Husband was "seriously injured" and had received "head injuries" from the accident. Rec. Doc. 12-1. Neither party has specified the extent of such head injuries, and defendant has provided no further proof of loss.

Defendant has not shown by a preponderance of evidence that the jurisdictional minimum is met. Defendant has not set forth facts to support that the amount in controversy exceeds $75,000. Merely stating the general types of damages that plaintiff is claiming and that plaintiff has suffered a head injury does not provide the Court with sufficient information to make a finding that the jurisdictional minimum is met. In *Simon v. Wal-Mart Stores, Inc.*, the Fifth Circuit found that a complaint which alleged shoulder injuries, unidentified medical expenses, and loss of consortium "described damages inadequately to support removal" because they lacked the requisite specificity. 193 F.3d at 851. In addition, the court is mindful that removal jurisdiction is strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986); *Butler v. Polk*, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil* § 3739.

Accordingly,

IT IS ORDERED that this matter be and hereby is REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana, due to a lack of subject matter jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 10th day of November, 2014.

HELEN G. BERRIGAN
**UNITED STATES DISTRICT JUDGE**